UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZEECO USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0406-CVE-JFJ |
| | ) |
| SIGMA THERMAL, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court for consideration of defendant and counterclaim plaintiff Sigma Thermal, Inc.'s (Sigma's) opposed motion for leave to amend first amended counterclaim and request for an extension of time (Dkt. ## 33, 34). Plaintiff and counterclaim defendant, Zeeco USA, LLC, ("Zeeco"), has filed a response to Sigma's motion (Dkt. # 36), and Sigma has filed a reply (Dkt. # 38).

**I.**

Zeeco filed an action for declaratory judgment against Sigma in the District Court of Tulsa County, in Oklahoma on July 6, 2020. On August 13, 2020, Sigma removed the action. Dkt. # 2. On August 24, 2020, Sigma filed counterclaims against Zeeco (Dkt. # 12), asserting claims for breach of contract, breach of warranties, unjust enrichment, and negligence. In October, the parties exchanged discovery. Thereafter, on December 10, 2020, the parties engaged in a settlement conference. Dkt. # 23. On January 25, 2021, the Court granted the parties joint request to amend the scheduling order, extending deadlines in light of settlement discussions.

The parties resumed discovery after settlement discussions were discontinued. On March 1, 2021 Sigma filed a motion to amend counterclaims (Dkt. # 28), which the Court granted (Dkt. #

29). Sigma filed the amended counterclaims the next day. The amended counterclaims (Dkt. # 30) added a claim for fraud to the original four counterclaims.

On March 16, 2021, Zeeco filed a motion to dismiss (Dkt. # 32) Sigma's newly added fraud claim. In its motion to dismiss, Zeeco argues that Sigma's fraud claim is merely a recasting of its breach of contract claim. Zeeco asserts that "[u]nder the general common law rule, a claim for fraud must be distinct from a claim for breach of contract" (dkt. # 32, at 2 (quoting McGregor v. Nat'l Steak Processors, Inc., 11-CV-0570-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb. 1, 2012))) and because Sigma's claims are not distinct, the fraud claim must be dismissed. Zeeco further asserts that Sigma has not alleged "an independent, willful tort that could potentially support an award of extra-contractual damages" as required under Oklahoma law. Id. at 3 (quoting Key v. Exxon Mobil Corp., CIV-19-424-BMJ, 2020 WL 7344701, at *10 (E.D. Okla. Dec. 14, 2020)).

On April 6, 2021, Sigma filed an opposed motion for leave to amend its first amended counterclaim and request an extension of time (Dkt. ## 33, 34) to respond to the motion to dismiss. Sigma stated it had received "additional information relevant to its counterclaims" and had decided an amendment to its counterclaims would be more beneficial than a response to the motion to dismiss. Dkt. # 33, at 2. Sigma also requested an extension of time to file a response to Zeeco's motion to dismiss. Id.

In its response (Dkt. # 36) to Sigma's motion for leave to amend, Zeeco argues that Sigma's attempt to amend its counterclaims should be denied as Sigma engaged in undue delay. Dkt. # 36, at 1-2. Zeeco also states that Sigma's motion is devoid of specific factual allegations that would be included in the amended motion. Id. Finally, Zeeco reurges the arguments advanced in its motion

to dismiss (Dkt. # 32), stating that amendment is futile because Sigma cannot demonstrate the fraud claim and breach of contract claim are distinct. Id.

Sigma replies (Dkt. # 38) that the liberal standard of Fed. R. Civ. P. 15(a)(2) and the interests of justice behoove the Court to grant Sigma's request to make a minor amendment to its amended counterclaims. Sigma argues that "[a] party is entitled to bring a claim alleging fraud when the tortious act is sufficiently independent of the breach of contract" and that amendment to its amended counterclaims will demonstrate that the claims are sufficiently independent. Dkt. # 38, at 6. Finally, Sigma contends that it "has incurred actual damages for commission of the tort of fraud separate and distinct from its damages for its claim for breach of contract," and that those will be demonstrated by the amendment. Id. at 7.

For the reasons stated herein, the Court grants the motion to amend for the limited purpose stated in Sigma's reply (i.e., "only to clarify the itemization of damages described in paragraphs 77 and 78 of the Amended Counterclaim"). Id.

**II.**

Under Rule 15(a)(2) "a party may amend its pleadings only with the opposing party's written consent or the court's leave" once a responsive pleading has been served. Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Fed. R. Civ. P. 15 (a)(2)). However, "leave shall be freely given when justice so requires." Id. (quoting Fed. R. Civ. P. 15 (a)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Id. (quoting Hardin v. Manitowoc–Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Zeeco's opposition argues that the motion to amend should be denied as it was made with undue delay, and because it is futile.[1]  First, Zeeco states that Sigma has been in possession of the information underlying its fraud claims since October 2020, and that the six-month delay to from October to April amend the fraud claims is unacceptable.  Dkt. # 36, at 2-3.

First, the Court first notes that Zeeco's characterization of Sigma's "delay" is inaccurate. Even though Sigma has allegedly been in receipt of discovery since October 2020, both parties agreed to continue the deadlines to amend claims and join parties.  Sigma did not have a duty to amend prior to those deadlines. See Bayview Loan Servicing, LLC v. Boland, 2008 WL 4059856, at *2 (D. Colo. Aug. 29, 2008) (finding no undue delay where plaintiff's motion to amend was within the court-scheduled deadline).  Therefore, the delay in question is more accurately characterized as a month-long delay, as Sigma's amended counterclaims were filed on March 2, 2021, and the motion to amend those claims was filed on April 6, 2021.

Under Rule 15, "delay alone is an insufficient ground to deny leave to amend." Minter, 451 F.3d at 1204) (quoting USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004) (internal citations and quotation marks omitted)).  "Emphasis is on the adjective [undue]." Id. at 1204.  In assessing

---

[1] Zeeco does not allege that the motion was made in bad faith, with a dilatory motive, or that it subjects Zeeco to undue prejudice.  Additionally, Zeeco does not (and cannot) allege that the motion to amend has been made after "repeated failure to cure deficiencies by amendments previously allowed," as Sigma has not yet amended the only claim that it seeks to amend.  Accordingly, those reasons are not addressed.

4

undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay." Id. at 1206. In this Circuit, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" Id. (quoting Frank v. U.S. West, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). Further, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

Other than arguing that Sigma has been in receipt of discovery for six months prior to filing its first motion to amend, Zeeco does not raise any other issues relating to the delay. This is not enough to overwhelm the liberal standard of Fed. R. Civ. P. 15.

In assessing undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay." Minter, 451 F.3d at 1206. Where, as here, Sigma has made it evident that the proposed amendments are in response to Zeeco's motion to dismiss, the delay is not "undue." In fact, the rules provide for amendments such as these in similar circumstances. Specifically, under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). This rule, in effect, allows amendment as a matter of course where the responding party identifies a weakness in a pleading that is potentially remedied by a simple amendment. Because this is Zeeco's first motion to dismiss, raised in relation to a claim first made on March 2, 2021, the Court finds that

while Fed. R. Civ. P. 15(a)(1) may not be strictly applicable here, it provides guidance that the rules intend to allow simple mistakes to be addressed within 21 days after an initial motion to dismiss.

Further, the Court notes that Zeeco filed its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on March 16, 2021. Dkt. # 32. While the Court notes that parties may amend "once as a matter of course," and that Sigma had already amended its counterclaims, it did so with the leave of court. Had Sigma filed its second amended counterclaims on the day that it filed its motion to amend (April 6, 2021), the second amended counterclaims would have been filed 21 days after the date the motion to dismiss was filed, and would have been timely under 15(a)(1). Accordingly, the Court finds the amendment is not made with undue delay.

Zeeco also argues that Sigma's amendment should not be allowed because it is futile. Zeeco cites McGregor v. Nat'l Steak Processors, Inc., 11-CV-0570-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb. 1, 2012)), and AG Equip. Co. v. IE Servs. (Pvt.) Ltd., No. 18-CV-0375-CVE-JFJ, 2019 WL 4144316, at *5 (N.D. Okla. Aug. 30, 2019), in support of this contention, stating that these cases demonstrate that fraud allegations like the one brought by Sigma are wholly subsumed within the breach of contract action and therefore are precluded under Oklahoma law. It is true that, in the cases cited by Zeeco, the fraud claims were dismissed because they arose from the same conduct as the breach of contract action. In McGregor v. Nat'l Steak Processors, Inc., No. 11-CV-0570-CVE-TLW, 2012 WL 314059 (N.D. Okla. Feb. 1, 2012), the court dismissed the fraud claim because it was "based on the allegation that defendants did not disclose that they had no intention of paying plaintiff." 2012 WL 314059, at *3. Similarly, in AG Equip. Co. v. IE Servs. (Pvt.) Ltd., No. 18-CV-0375-CVE-JFJ, 2019 WL 4144316 (N.D. Okla. Aug. 30, 2019), the court

6

dismissed the fraud claim because plaintiffs alleged that "defendants committed fraud by entering the settlement agreement with no intention of complying." 2019 WL 4144316, at *5.

However, these cases do not appear to be wholly on point with the situation before the Court and, thus, the Court finds the amendment may not be futile. As an initial matter, cases in this circuit allow fraud and breach of contract claims to proceed in the same action where the fraud claim is distinct from the breach of contract claim. See, e.g., Clemmer v. D.C. Grp., Inc., No. CIV-13-1335-C, 2014 WL 1509274, at *5 (W.D. Okla. Apr. 16, 2014) (finding plaintiffs' fraud claim, which related to purported misrepresentations during the formation of the contract, was "separate and distinct" from plaintiffs' breach of contract claims, which related to distributions under a contract and a failure to make timely contractual payments.) At this point, Sigma's allegations may state an independent claim for fraud. From the briefing, it appears Sigma's allegations are not that Zeeco engaged in fraud by concealing that it intended to breach the contract by not performing or paying, but rather that it engaged in fraud by concealing that it already was in breach of contract and in breach of warranties, causing Sigma to incur additional damages by trying to remedy defects that were known to Zeeco to be inherent and not capable of being remedied. Because the concealment alleged is not directly related to concealing an intention to breach, or an intention from the outset not to perform, the Court cannot determine without the additional allegations, whether the claim is of such a nature that it is duplicative of the breach of contract action.

For the reasons stated above, the Court grants Sigma's request to amend for the limited reasons stated in Sigma's reply (i.e. "only to clarify the itemization of damages described in paragraphs 77 and 78 of the Amended Counterclaim"). Dkt. # 38, at 7. The Court also notes that

7

the amendment of the complaint will moot the motion to dismiss (Dkt. # 32) currently before the Court, as well as Sigma's request for an extension of time to reply thereto.

**IT IS THEREFORE ORDERED** that Sigma's opposed motion for leave to amend first amended counterclaim and request for an extension of time (Dkt. ## 33, 34) is **granted in part** as to the request to amend, and **denied in part** as to the request for an extension of time. The plaintiff is directed to file the amended complaint by **close of business on Monday, April 26, 2021.**

**DATED** this 23rd day of April, 2021.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE